**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN DOE, by and through his Mother**
**and Natural Guardian, PARENT 1, et al.,**

         **Plaintiffs,**

     **v.**                      **Civil Action 2:25-cv-1335**
                                     **Judge Michael H. Watson**
                                     **Magistrate Judge Kimberly A. Jolson**

**PICKERINGTON LOCAL SCHOOL**
**DISTRICT BOARD OF EDUCATION, et al.,**

         **Defendants.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonym.  (Doc. 3).  For the following reasons, the Motion is **GRANTED**.

**I.      BACKGROUND**

Plaintiffs Parent 1 and Parent 2, individually and on behalf of their child, John Doe, initiated the present action November 18, 2025.  (Doc. 1).  According to the Complaint, John Doe is an eighth grader with a disability who attended Lakeview Junior High ("Lakeview JH"), a school operated by the Pickerington Local School District Board of Education ("PLSDBOE").  (*Id.* at ¶ 1; Doc. 3 at 2).  John Doe has Autism Spectrum Disorder and receives "squeezes" as part of his Individualized Education Program ("IEP").  (Doc. 1 at ¶¶ 21–24).  The "squeezes" involve District staff applying gentle pressure to John Doe's shoulders or arms to aid his sensory regulation.  (*Id.* at ¶ 24).  Plaintiffs allege that a special education teacher at Lakeview JH allowed unqualified paraprofessionals to supervise John Doe.  (*Id.* at ¶¶ 27–31).  Rather than administering the

"squeezes," Plaintiffs claim that at least one of the two paraprofessionals assaulted John Doe to the point of leaving red marks, scrapes, and fingerprint-shaped bruises on his neck and throat. (*Id.* at ¶¶ 34–39, 80; Doc. 3 at 3). They say this violent assault violated John Doe's Fourth and Fourteenth Amendment Rights. They additionally sue for violations of 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, Title II of the ADA, and other related state law claims. (*Id.* at ¶¶ 126–220).

Plaintiffs filed their Complaint under pseudonyms. (Doc. 1). They bring the present Motion to continue to proceed anonymously during this litigation. (Doc. 3).

## II.    STANDARD

Generally, a complaint must name all parties. Fed. R. Civ. P. 10(a). In limited circumstances, however, the Court "may excuse [parties] from identifying themselves." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

### III.    DISCUSSION

According to Plaintiffs, John Doe has a substantial privacy right which outweighs the presumption of disclosure.  (Doc. 3).  By extension, his parents, as "revealing the name of Parents would necessarily reveal the identity of John Doe to the public because of the detailed facts included in the Complaint."  (*Id.* at 5).  The Court agrees.

The first *Porter* factor is easily satisfied because this lawsuit challenges governmental activity.  The principal Defendant is the PLSDBOE.  (*See* Doc. 1).

Next, the application of the second factor—whether this litigation will disclose information of the utmost intimacy—also favors Plaintiffs' request.  Plaintiffs say the claims disclose "sensitive information about John Doe and what occurred at school."  (Doc. 3 at 5; *see* Doc. 1 at ¶¶ 21–52).  Plaintiffs cite no cases to support this factor.  Still, in the context of this case, the Court concludes that the litigation will disclose information of the utmost intimacy.  The complaint reveals information about the nature of John Doe's disability and his IEP, and John Doe's mental health is at issue.  (*See* Doc 1 at ¶ 62 (alleging that John Doe already exhibits signs of trauma from the incident, including increased anxiety, heightened agitation, emotional withdrawal, and difficulty trusting adults and caregivers)).  More still, Plaintiff's educational and mental health records are central to this case, and courts routinely find that such records are of the utmost intimacy.  *See J.W. v. D.C.*, 318 F.R.D. 196 (D.D.C. 2016) (allowing plaintiffs to proceed anonymously when disclosure would allow the public to easily uncover a minor's confidential educational record, mental health records, and personally identifiable information).

Concerning the fourth factor, John Doe is a minor.  (Doc. 3 at 6; Doc. 1 at ¶ 12).  Courts often allow minors and their parents to proceed anonymously or under a pseudonym to protect the minor's identity.  *See, e.g.*, *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027

(S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct."); *Doe v. Southfield Pub. Sch.*, No. 24-10760, 2024 WL 1526084, at *2 (E.D. Mich. Apr. 8, 2024) ("Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity."); *see also* Fed. R. Civ. P. 5.2(a)(3).  The Court is inclined to follow suit.

Finally, allowing Plaintiffs to proceed under pseudonyms will not hinder Defendants' ability to litigate this case.  Plaintiffs state that Defendants know Plaintiffs' true identities.  (Doc. 3 at 6; *see* Doc. 1 at ¶ 22 (noting Defendants were aware of John Doe and his disability)); *see Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (allowing a minor to proceed anonymously, in part, because there was no question the parties knew her true identity when she previously filed an administrative complaint)).  At this time, nothing in the record indicates Defendants will face litigation hurdles if Plaintiffs proceed pseudonymously.

Given the weight of the factors, the balance of the litigants' interests in nondisclosure outweighs the public's right to access court proceedings.  Still, this is only an initial determination. Defendants have not yet been served, and upon service, they may object to this Order.  If this is the case, Defendants may file a motion to reconsider this Order, and the Court will evaluate the matter at that time.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Proceed Under Pseudonym (Doc. 3) is **GRANTED**.

Date:   November 26, 2025                  /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE