**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN DOE, by and through his Mother
and Natural Guardian, PARENT 1,** *et al.***,**

         **Plaintiffs,**

    v.

                                  **Civil Action 2:25-cv-1335
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson**

**PICKERINGTON LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION, et al.,**

         **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Unopposed Motion to Stay Discovery.  (Doc. 19).  For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

**I.      BACKGROUND**

The Court has previously summarized this case.  (*See* Doc. 4).  Relevant here, Plaintiffs allege Defendants violated John Doe's Fourth and Fourteenth Amendment Rights as well as 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, Title II of the ADA, and other related state laws.  (Doc. 1 at ¶¶ 126–220).

Defendants subsequently moved to dismiss Counts I–VI, VIII–XI, and Plaintiff's punitive damages demand on immunity grounds and for failure to state a claim.  (Doc. 10).  Several months later, Plaintiffs asked the Court to stay discovery pending its ruling on the Motion to Dismiss.  (Doc. 19).  Defendants do not oppose.  (*Id.*).  Plaintiff's Motion is ready for consideration.

## II.      STANDARD

In considering a motion to stay discovery, the "district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-cv-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted).  And parties routinely file motions to stay discovery while a motion to dismiss or a motion for judgment on the pleadings is pending.  *See, e.g.*, *Shanks v. Honda of Am. Mfg.*, No. 2:08-cv-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss").  But "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010); *see also Ohio Valley Bank*, 2019 WL 2170681, at *2.

In "special circumstances," however, a court may find that a discovery stay is appropriate. *Shanks*, 2009 WL 2132621, at *1.  A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted).  Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens*, 2010 WL 3719245, at *1); *see also Fisher v. City of Columbus*, No. 2:24-cv-150, 2024 WL 413484, at *2 (S.D. Ohio Sept. 10, 2024) ("[C]ourts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced." (citation omitted)).  In the end, "[t]he Court . . . must tread carefully in granting a stay

2

of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

## III.    DISCUSSION

Plaintiffs move to stay discovery "to avoid adding unnecessary effort, time and expense for both sides related to retaining experts, expert evaluation and reporting, and conducting depositions . . ." while the Court considers Defendants' motion, particularly because Defendants raise immunity defenses to some of Plaintiffs' claims. (Doc. 19 at 2).  Plaintiffs further contend that both sides would have to "expend tens of thousands of dollars in pursuit of or in defense of the eleven claims, and to conduct numerous costly depositions that may ultimately have no impact on the case or parties if claims or defendants are dismissed." (*Id.* at 4).  Defendants do not oppose.

"[I]it is black-letter law, that if a defendant moves for dismissal on grounds of qualified immunity, the court must not only determine that issue at the earliest possible moment, but also stay discovery while the motion is under advisement." *Roth v. President & Bd. of Trs. of Ohio Univ.*, No. 2:08-CV-1173, 2009 WL 2579388, at *1 (S.D. Ohio Aug. 18, 2009) (citing *Pearson v. Callahan*, 555 U.S. 223 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993)).  *See also Shanks*, 2009 WL 2132621, at *1 (a discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute . . . immunity").  Accordingly, the Court **STAYS** discovery as to the claims against which Defendants assert immunity: Counts I and II against Defendants Adams and Hardesty; Counts VIII and XI against Defendant Pickerington Local School District Board of Education ("Board"); Counts VII–XI against the individual Defendants; and punitive damages against all Defendants. (Doc. 10 at 3–6, 10–15).

3

As for Plaintiffs' other claims, however, the Court finds a discovery stay unwarranted. Defendants challenge Plaintiffs' Counts I–III against Defendants Briggs and Baptist; Counts I, II, and IV against the Board; and Counts V and VI only for failure to state a claim (*id.* at 6–10), and this is insufficient. *See, e.g.*, *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) ("[A] stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion."); *Bowens*, 2010 WL 3719245, at *2; *Abercrombie & Fitch Co. v. Fed. Ins. Co.*, No. 2:06-cv-00831, 2010 WL 3910352, at *4 (S.D. Ohio Oct. 5, 2010) ("Although Federal's current Motion for Summary Judgment may ultimately succeed, a pending case-dispositive motion is generally not enough to stay discovery."); *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *3 (S.D. Ohio Sept. 7, 2010) ("[T]he primary basis for the requested stay, the pendency of a potentially dispositive motion as to which the parties have presented substantial arguments on both sides, is simply not sufficient to warrant a complete stay of discovery."). Discovery on these claims **SHALL** proceed.

A final note. Considering the parties' agreement and the circumstances of this case, the parties are **ORDERED** to confer on a structured discovery plan. The plan must prioritize discovery that will proceed in this case regardless of immunity questions. And it should hold off on discovery that may be unnecessary. The parties should also discuss how their discovery plan will impact the rest of the case schedule and collaborate on adjusted deadlines. The parties are **ORDERED** to file a joint status report **within ten days** of the Court's ruling on the pending motion to dismiss, summarizing the remaining discovery and any proposed amended case deadline.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' Unopposed Motion to Stay Discovery (Doc. 19) is **GRANTED in part** and **DENIED in part**.

4

IT IS SO ORDERED.

Date:   July 24, 2026                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE

5